Livingston, J.
This was an action of trespass for burning the plaintiff’s barn.
The award was not considered as a bar to the present suit, by the judge at the circuit, under whose direction, to that effect, the jury found the defendants guilty, and we are now to say whether this direction was right or not.
If the award was certain and final, it was a bar, and *394 should have been so received. To me it appears to pas sess both of these properties.
The arbitrators were to determine,
1. Whether the Delavans had destroyed the plaintiff’s barn, &c.
2. What retribution was to be made him for such de struction. If they thought the Delavans innocent, then they were further to decide how they were to get rid of the plaintiff’s claim, and be reimbursed for the expense which it had occasioned them. All these matters were clearly within the submission.
These duties might be performed either in terms, by awarding a certain sum tó be paid by a fixed time, and' directing releases to be mutually exacted, or by a mode of expression, which, although not so explicit, could convey no other meaning. When they order the suit to be no farther prosecuted, and Purdy to. pay the costs of it, and the expense of the arbitration, they hold a language which cannot be misunderstood. If that suit can be no further prosecuted, will it be right to permit the plaintiff to evade a decision made by judges of his own choice, by commencing another action for the same injury ? Will this court permit to be done indirectly what they have ordered shall not be done directly ? Awards are more liberally interpreted than formerly. This relaxation is carried to such length, and very properly, that it is sufficient if they are certain, according to a common intent, and consist-[*314] ent *with fair presumption. It is matter of surprise, that courts should ever have disturbed awards, when from the whole of them it was fairly to be collected, that the arbitrators proceeded on the matter submitted, and had decided every thing left to them. To an •avidity of búsiness, or an excessive jealousy of the interference of laymen, in matters which they deemed exclusively of their own province, must be imputed their readiness to listen to objections against decisions of this kind, and to set them aside under pretence of their bel ng uncer *395 tain or inconclusive. More enlarged views at length prevailed, and judges discovered a laudable Solicitude to maintain these extrajudicial determinations, and thus put ah end to controversies, if this could be done without violai ing certain fundamental rules, from which it was thought unsafe to depart. If certain to a common intent, arid final, courts will not easily be induced to depart from them, and send the parties to a new litigation. That the award before us has these characteristics, can hardly be doubted. Whoever runs, may read and understand* It expressly states that the arbitrators proceeded on the matter submitted, and if their directions, which are intelligible'’ to any capacity, are pursued with good faith, their decision will-be final as well as certain ; for, nothing more is necessary to render them so, than the plaintiff’s not prosecuting fur-’ ther his suit or action, by which may be understood his claim on this account, and paying the sum mentioned. The cases in 1 Burr. 274, and in Lord Baym. 9'61, admitted of more doubt, and yet those awards were adjudged certain and final. In my opinion, therefore, this award ought to have beén regarded as a bar, and the jury should have been directed accordingly. On this ground, I am for a new trial, which renders it unnecessary to examine whether the verdict be contradictory or not. There was also, a motion in arrest of jud’gmeht, but if a new trial be granted, and the present verdict set aside, this application cannot prevail, and, therefore, it may be unnecessary to express an opinion on the grounds of it: but as this question was fully argued, *and may possibly [*315] come before us again, I am ready to say that if a new trial had not been granted, I should not have béeú for arresting the judg'ment. Trespass, in my opinion, is the proper remedy for a direct and immediate injury of this kind, and the present resembles that species of action more than any other. If is true, it is somewhat prit of the com mon form, and that some expressions are found in it riot appertaining to actions of trespass, and which give it the *396 appearance'of an action for a conspiracy. But after verdict, I should reject these expressions as surplusage, rather than cause judgment to be arrested.
KJent, J.
I coincide in the opinion given, but shall state my reasons a little more at large. The defendants’ motion is for a new trial, and in this application is united a motion in arrest of judgment. " I shall consider only the firsts and in this the great question is, whether the award oughi to have been ¿received in evidence.as a bar to the presen' suit. If the award in question be good and valid, in pur suance of the submission, it may undoubtedly be pleaded or given in evidence; as this suit is for the same matter which was the subject of the submission. Kyd on . Awards, 242.
Awards are to be liberally construed, because they are made by judges of the parties’ own choosing. 1 Burr. 277; 2 Wils. 268. But they must have two properties. They must be certain and final.[1] This certainty, however, is judged of only according to a common intent, consistent with fair and probable presumption. In the present case, the bonds of submission recited, that the plaintiff’s barn had been burnt, and that he had instituted a suit against the defendants, and the wife of one of them, for burning the same, which charge they had denied; that the parties had agreed to discontinue the suit, and submit all questions and controversies touching the destruction of the barn, and the damages, &c., to arbitrators. The award stated, that a certain suit had been commenced as aforesaid, for burning the barn, and that, for putting an end to the suit, the parties had, by their bonds as aforesaid, submitted to the award and final determination of the arbitrators.
That the arbitrators, taking upon themselves the [*316] burden of the submission, *and having fully ex- • amined, and duly considered the proofs and alie *397 gations of the parties, did award, that the said suit should be no further prosecuted, and that the' plaintiff should pay to one of the defendants 14 dollars and 68 cents, for his costs and expenses in defending the suit, and attending the arbitration.
On this statement of the substance of the submission and award, it appears to me that the reasonable and common intendment, from the language of the award, is a determination of the merits of the cause. The present cause of action was fully and explicitly submitted. The award refers to the bonds of submission, and, of course, the arbitrators had their eyes fixed on the merits of the complaint, and the intent of the submission. The award states, that the proofs and allegations of the parties had been examined and considered ; of course, the merits must have been fully heard. It then adjudged, that the said suit shall be no further prosecuted, and that the plaintiff shall pay the costs. This award could not have intended merely a cessation of the suit referred to in the bond and award, with liberty to institute a fresh suit on the same matter. This would have rendered the award altogether useless and absurd. The bonds had stated already that the parties had agreed to discontinue the suit. The palpable intent and meaning of the award was, that the charge of the plaintiff was not supported, and that the same should be no further prosecuted, and should forever cease. We are to consider the award as drawn up by men who were not skilled in technical language, and that it refers to, and is bottomed upon, the bonds of submission, which had declared the agreement of the parties to be, that the then existing suit should be no further prosecuted; that the parties, by their proofs and allegations, must have furnished the arbitrators with a full discussion and knowledge of the merits of their controversy ; that the law requires awards to be liberally and favorably expounded; so that they may answer the.purposes for which they were intended; and under these con' siderations, we cannot doubt of the intent of these words, *398 “ that the said suit shall be no further prosecuted.” [*817] It was as *if they had said, the defendant shall be no further prosecuted upon the charge; for why say the existing suit should be no further prosecuted, if no more was meant than what the parties had already agreed to do ? why say that the suit shall not be further prosecuted, and the plaintiff may pay the costs, if a new suit may be immediately brought ? There was no possible use in such an award. It would no.t answer the terms or intent of the submission. Such a literal interpretation has no reason to support it. It would not be liberal or favorable. It would not be judging the award by a common intent, nor rendering it ponsistent with probable presumption. It would be contrary to the modern established rules of interpretation, and is, consequently, to be rejected.
It has indeed been held that an award, declaring that a party should be nonsuited in an action he had brought against the other, was not good, because it was not putting a final end to the controversy, as a nonsuit was no bar to a new action. Kyd, 140, 141, 6 Mod. 282. Upon this case, it has been observed, that had this been a new point, and res integra, it might have been said, in analogy to the construction put, on other cases, that he who suffered a nonsuit, but afterwards brought another action, nominally performed the award, but in substance was guilty of a breach. The word nonsuit has, however, become so peculiarly appropriated to express one particular idea, that its meaning cannot be extended. But if an award be, that an action be discontinued, this is held to be good and final, although a discontinuance does not, in a technical sense, bind a party from bringing a new suit. Kyd, 141, 142. This is a case strongly bearing upon the present; for awarding that a suit shall be no further prosecuted, is equivalent, at least, in strength and efficacy, to saying that such suit shall be discontinued.
So, an award that a suit in chancery between the parties, should be dismissed,, was good and final; for it must be *399 understood that it shall be dismissed and cease forever; that is, a substantial dismission and cesser, and not the shadow of one. Knight v. Burton, 6 Mod. 232 ; 1 Salk. 75, S. C.
*So an award that a\l suits between the parties shall [*318] cease is good; for the meaning is not that the party should give over and begin again, but that the suit should cease absolutely forever, so that the right itself is gone with the remedy. The same construction was given to these words in an award, that all suits which are prosecuted by the plaintiff against the defendant, shall cease. Squire v. Grevell, 6 Mod. 34; 1 Salk. 74; 2 Lord Raym. 691; Stangford v. Green, 2 Mod. 228 ; see also Cro. Jac.. 525.
The only authority I have met with, which holds up a' contrary interpretation, is that of Tipping v. Smith, Stra 1024. There it was held, that an award that all manner . of proceedings if any, depending at law, should be no further prosecuted, was not good, because not final. This is a very short and imperfectly reported case, and it is against the general current of authorities I have alluded to. Considering, therefore, the benignity with which awards are of late expounded, and the sense and justice of the one construction, in preference to the other, I cannot permit it to have any influence upon the other decisions. The cases appear to me, therefore, to be in coincidence with the reason of the thing, and to require the interpretation I have given to the award: that, according to a common intent, the design and operation of it is a final cesser of the controversy submitted. There .is no ground for a distinction, that an award which shall say a suit shall be discontinued, or dismissed, or shall cease, is good, and an award which shall say a suit shall not be further prosecuted, is not good. The force and effect of the expressions are the same.
But it was objected at the argument, that the award was not of the matter submitted. This, however, is a mistake. Both the bond and award state, that a suit had been instituted for burning the barn, and the bond states, that for *400 putting an end to all questions and controversies concerning that charge, the submission was made. Putting an end finally to the suit concerning the barn, was putting an end to the controversy. The award was, therefore, as I understand it, strictly concerning the premises. In one of th<? cases already referred to, the parties submitted all contra versies between them to arbitrators, and the award [*319] *was, that all suits which were prosecuted by the one party against the other, should cease, and it was held good. 2 Mod. 228.
It may not be unnecessary to notice another rule applicable to awards, which is, that they must be mutual, or not give an advantage to one party, without an equivalent to the other. Kyd, 148. But this mutuality is nothing more than that the thing awarded to be done, should be a final discharge of all future claim by the party in whose favor the award is made against the other, for the causes submitted, or, in other words, that it shall be final. Thus in Baspoles Case, (8 Co. 97, b.) the submission was general, of all mat' ters and demands; and the award was, that one party should pay to the other a certain sum in consideration of a debt long due, and for his costs, and said no more. The award was held good ; for the one party received the money, and the other was discharged from the debt, which was a sufficient reciprocity. Com. Rep. 328. So where a certain alleged trespass was submitted to arbitrators, to arbitrate concerning the said trespass, and divers suits concerning the same pending between the parties, and the award was, that the defendants should pay a certain sum and certain costs in and about the suit arising; it was objected, that the award was on one side only, for it directed nothing as to the other party, there being no releases awarded, nor words of satisfaction used: but the award was, upon demurrer, held good, and, therefore, it may now be safely laid down in the words of Mr. Kyd, (p. 153) that an award need .not contain any equivalent terms; for a discharge to the other party must necessarily be presumed from the pay *401 ment of the sum, or the performance of the act.[1] As I hold the award to be good, it goes to the determination of this case, and it will Toe unnecessary for me to consider the other point that was raised at the argument. I accordingly conclude, that the evidence offered ought to have been received, and considered as a full and effectual bar to the present suit, and that the verdict ought to be set aside for misdirection, and a new trial awarded, with costs to abide the event.
Lewis, Ch. J.
This is substantially an action by the plaintiff against the defendants for consuming, by fire, his *barn, together with its contents. [*320]
The defendants pleaded the general issue, and gave notice that on the trial they would give in evidence, in their discharge, an arbitrament and award on the subject matter of the suit.
On the trial, the judge not supposing the evidence sufficient to bar the plaintiff’s action, so directed the jury, and they found a verdict for him.
To avoid the effect of this verdict, two motions are now before the court. The one for a new trial, the other in arrest of judgment.
In support of the first it is contended, that the award was conclusive between the parties, and that the jury ought to have been so instructed.
The bond of submission states, that the plaintiff had commenced a suit in trespass against the said Mathew Delavan, Samuel, his son, (who appears to be an infant,) and Hannah, the wife of the said Mathew, for breaking and entering his close, burning his barn, &c.; that the parties, viz. the plaintiff and Mathew, had mutually agreed to discontinue the said suit, and to submit all questions, disputes and controversies, touching the destruction of the said barn *and the contents thereof, and the damages the [*321] *402 said Ebenezer had sustained, to the judgment and award of three arbitrators.
These arbitrators, in their award, after reciting the pendence of the said suit, and the submission of the parties for putting an end thereto, award that “ that the said suit shall be no further prosecuted, and that the plaintiff shall pay the defendant Mathew 14 dollars and 68 cents, in full for costs and expenses.”
Awards are, at the present day, construed with much 'greater liberality than formerly; and from a current of authorities, it appears to be now held, that an award that a suit shall cease, or be no further prosecuted, not only arrests such suit, but also takes away the right of action on which such suit was founded. 1 Salk. 74, 75, Eaym. 961; 6 Mod. 33.
But though this be the effect, it is necessary that such award have the essentials to a good one. It must, in some 'cases, be mutual; in every case certain and final between the parties. It must be also on the matter submitted. The award before us appears to me to want many of these essentials. It is one in which mutuality is essential, and hath not been regarded. It is not final, nor on the matter submitted. Nothing is awarded to be performed on the part of Mathew Delavan. Not even to give a receipt in full on payment of the 14 dollars and 68 cents. Nor are his hands, nor those of his son, tied up from bringing a suit or suits against Purdy, for any injury sustained by the charge made against them, or for the suit brought against them beyond costs and actual expenses. The then pending suit was no part of the submission. It is expressly stated in the bond that that was, by previous agreement between the parties, to be discontinued.
I therefore think the direction to the jury was right, and that the motion for a new trial must be denied. ' • .
In support -of the motion in arrest of judgment, two positions are advanced.
1. That the finding of the jury is repugnant and contra* *403 dictory. This was also made a ground on which the motion for a new trial was founded.
*2. That the plaintiff has misconceived his action, [*322] and, perhaps, blended actions of different species.
If all the counts in a declaration are to be considered as constituent parts of one cause of action, there would be some foundation for the first position; though, even in that case, I should doubt its vitiating the verdict. For the meani?;__ of the jury is, that the defendants did cause the barn to „ ^ burnt by conspiracy, but did not do it with their own hands; and it is not to be expected of them that they shall be acquainted with principles or maxims of law. But a conclusive answer is, that the counts of a declaration are wholly unconnected, each being considered as a distinct declaration, and if a jury give a verdict on a single count, where there are several, without noticing the others, it will be good, provided they find all that is in issue on that count.
' The only remaining questions are, whether the plaintiff has misconceived his action, or has blended distinct species of actions.
On the argument, the counsel for the plaintiff were unwilling to say whether they considered their suit in trespass or in case. The last count is in trespass beyond doubt; and I think there is not much doubt that the other six are equally so, and that the conspiracy is mere matter of inducement, or perhaps surplusage. They have two of the characteristics of trespass. The charges are direct without recital, and the injury complained of is stated with a contra joacem. It only remains, then to inquire whether this action will lie, or whether case is the appropriate remedy. Where the action is founded on tort, the boundary between case and trespass is faintly delineated, and not easily discerned. The most marked distinction is, where the injury is immediate, and where it is consequential. There are also others, (which will not, however, apply to all cases,) as where it is accompanied with force, and where it is not; where it is done'on the immediate possession of the plain *404 tiff, and where done elsewhere, though it damage such possession. In the case before us, the injury, if any, [*323] was accompanied with force. *It was done on the possession of the plaintiff, and must have been accompanied with an unlawful entry. It was immediate; for whether done by the defendants, or by their procurement, they are equally principals, and the maxim of qui fadtper alium, fadtper se, will apply to them. Hor will it, in my opinion, .vary the case, though the conspiracy, and not the burning, should be considefed the gist of the action. For, in that case the burning must be considered as introduced under a per quad, which the form of each of the six counts will warrant.
I have not been able to meet with any authority which determines that trespass will not lie for a conspiracy to commit a trespass, where an actual trespass is the consequence. It differs, materially from the case of a conspiracy to cause a person to be indicted or arrested ; for there the intervention of an intermediate agent, who cannot be implicated in the guilt, is essential to the injury. Here the intermediate agent, if any is restored to, is the mere instrument in the hand of the principal, and the injury is emphatically his own.
But what puts this question at rest, in my opinion, is, that after verdict the court never will, in a case where the line is so nicely drawn, inquire whether the facts will warrant trespass or case. Such was the decision in Slater v. Baker and Stapleton, 2 Wils. 359, recognized in Scott v. Shepperd, 2 Bl. Rep. 897, by Blackstone, J. who, while he differed in opinion from his brethren, declared, that after verdict, the court will not look with eagle-eyes to spy out ■a variance.
I am, therefore, of opinion, the plaintiff ought to have judgment according to his verdict.
New trial granted.(a)

 Waite v. Barry, 12 Wend. 377; Vosburgh v. Bane, 14 J. R. 302; Jaikton v. Amblar, id. 96.

 Weed v. Ellis, 3 Cai. R. 253; Byers v. Van Deusen, 6 Wend. 268.

 See Munro v. Alaire. 2 Caines' Rep. 320, and notes.